**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM RAY BARTON,<br><br>   Petitioner,<br><br>   v.<br><br>WILLIAM BEDDICK,<br><br>   Respondent. | No.  2:19-CV-0148-MCE-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the Court is Respondent's unopposed motion to dismiss, ECF No. 40. Respondent argues the petition must be dismissed as both untimely and containing only unexhausted claims.  For the reasons discussed below, the Court agrees.

**I. BACKGROUND**

This action currently proceeds on Petitioner's fourth amended petition.  See ECF No. 38.  Petitioner states he was convicted in San Joaquin County on March 2, 1976, of two counts of first-degree murder and sentenced to two life sentences plus seven years.  See id. at 1. Petitioner states his conviction and sentence followed his guilty plea.  See id.  Petitioner states that he did not appeal the judgment of conviction.  See id.  Petitioner initiated the instant action

on January 4, 2019, with his original petition. See ECF No. 1. In the operative fourth amended petition, filed on January 21, 2020, petitioner claims that his guilty plea was not knowing or voluntary. See ECF No. 38, pg. 4. He also claims without any factual support that he is actually innocent. See id.

## II. DISCUSSION

Respondent argues: (1) the action must be dismissed because it was filed beyond the one-year statute of limitations; and (2) the action must be dismissed because the fourth amended petition contains only unexhausted claims. Petitioner has not filed an opposition.

### A.     Statute of Limitations

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review. See 28 U.S.C. § 2244(d)(1).

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the United States Supreme Court. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Where a petition for writ of certiorari is filed in the United States Supreme Court, the one-year limitations period begins to run the day after certiorari is denied or the Court issued a merits decision. See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001). Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day. See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002). If no appeal is filed in the Court of Appeal, the

2

conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day. See Cal. Rule of Court 8.308(a). If the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the day after the effective date, or April 25, 1996. See Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999). The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court. See 28 U.S.C. § 2244(d)(2).

Respondent argues:

> A state prisoner challenging his custody has one year to file his federal petition from the date on which the judgment became final by the conclusion of direct review, or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). (footnote omitted).
> Petitioner was sentenced on March 2, 1976. (Lod. Doc. 1.) The state appeal process became "final" within the meaning of § 2244(d)(1)(A), when the sixty-day time period for filing an appeal expired, on May 1, 1976. *Stancle v. Clay*, 692 F.3d 948, 951 (9th Cir. 2012) (citing Cal. R. Ct. 8.308(a)); *Mendoza v. Carey*, 449 F.3d 1065, 1067 (9th Cir. 2006). As Petitioner's conviction became final on May 1, 1976, before the April 24, 1996, effective date of the statute of limitations, Petitioner's petition was due one year from the effective date of the statute of limitations. *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir. 1999); *Calderon v. U.S.D.C.* (*Beeler*), 128 F.3d 1283, 1286 (9th Cir. 1997), reversed on other grounds, *Calderon v. U.S.D.C.* (*Kelly*), 163 F.3d 530 (9th Cir. 1998) (en banc). Thus, the clock started running on April 25, 1996, and the last day to file was April 24, 1997, unless the limitation period was tolled. *Patterson v. Stewart*, 251 F.3d 1243, 1245-46 (9th Cir. 2001).
>
> * * *
>
> The proper filing of a state post-conviction application with respect to the pertinent judgment or claim tolls the one-year limitation period— meaning the one year does not include days on which a "properly filed" state petition is pending. 28 U.S.C. § 2244(d)(2).
> Petitioner did not file any state post-conviction collateral actions challenging the pertinent judgment that tolled the one-year limitation period.

ECF No. 40, pgs. 2-3.

Respondent concludes that the limitations period ended on April 24, 1997, and that the instant action, filed in 2019, is untimely.

/ / /

/ / /

3

As Respondent notes and Petitioner admits, he did not appeal his conviction and sentence to the California Court of Appeal. Thus, Petitioner's conviction became final 60 days after entry of judgment in the trial court. Here, state trial court proceedings concluded on March 2, 1976, and Petitioner's conviction became final on May 1, 1976. Because this date is prior to the effective date of the one-year statute of limitations, the limitations period in this case began to run the day following the effective date, or April 25, 1996.

As Respondent also notes and Petitioner also admits, he did not file any state-court post-conviction actions which could have tolled the running of the one-year statute of limitations. Therefore, the limitations period ended on April 24, 1997. The instant action is untimely by over two decades and must be dismissed.

**B.     Exhaustion**

Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be granted by the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003).[1] The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518. "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v. Cupp , 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted). Exhaustion is not a jurisdictional requirement and the court may raise the issue sua sponte. See Simmons v. Blodgett, 110 F.3d 39, 41 (9th Cir. 1997).

/ / /

/ / /

---

[1] Claims may be denied on the merits notwithstanding lack of exhaustion. See 28 U.S.C. § 2254(b)(2).

4

Regardless of whether the claim was raised on direct appeal or in a post-conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's highest court. See Castille v. Peoples, 489 U.S. 346 (1989). Although the exhaustion doctrine requires only the presentation of each federal claim to the highest state court, the claims must be presented in a posture that is acceptable under state procedural rules. See Sweet v. Cupp, 640 F.2d 233 (9th Cir. 1981). Thus, an appeal or petition for post-conviction relief that is denied by the state courts on procedural grounds, where other state remedies are still available, does not exhaust the petitioner's state remedies. See Pitchess v. Davis, 421 U.S. 482, 488 (1979); Sweet, 640 F.2d at 237-89.[2]

According to Respondent:

> State prisoners seeking a writ of habeas corpus from a federal court must first exhaust their remedies in state court. 28 U.S.C. § 2254(b)(1)(A). A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Ybarra v. McDaniel*, 656 F.3d 984, 991 (9th Cir. 2011). Federal habeas corpus relief cannot be granted unless a petitioner has exhausted his state court remedies. *Ybarra*, 656 F.3d at 991; *see Rhines v. Weber*, 544 U.S. 269, 274 (2005) (observing that AEDPA preserved the total exhaustion requirement set forth in *Rose v. Lundy*, 455 U.S. 509, 510 (1982)).
>
> Petitioner did not file any petitions in the state supreme court challenging the pertinent judgment. He does not provide state supreme court filing information in his federal petition. (Dkt. 38.) Nor did Respondent discover any such petitions when researching Petitioner's state post-conviction procedural history. Petitioner has filed a number of federal petitions (claiming he is not guilty) that the Court has dismissed for failure to exhaust. *See Barton v. Gastelo*, CV 19-06535 FMO (RAO), at 1-2. But it does not appear that he has returned to state court to present his claims that 1) his plea was involuntarily entered into and 2) he is actually innocent to the state supreme court.

ECF No. 40, pgs. 3-4.

/ / /

/ / /

/ / /

---

[2] This situation of procedural deficiency is distinguishable from a case presented to the state court using proper procedures but where relief on the merits is precluded for some procedural reason, such as untimeliness or failure to raise the claim on direct appeal. The former represents an exhaustion problem; the latter represents a procedural default problem.

5

As Respondent notes and Petitioner admits, the claims raised in the fourth amended petition were never raised to the California Supreme Court, either by way of direct review of post-conviction review. The Court agrees with Respondent that the action must be dismissed for lack of exhaustion.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that Respondent's unopposed motion to dismiss, ECF No. 40, be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 9, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE